SARAH TOWNSEND *vs.* THE FIRST FREEWILL BAPTIST CHURCH IN LOWELL.

In an action against a religious society, described in the writ as "a body corporate for certain purposes," if the defendants would deny their existence, or organization as a corporation, they must give notice of their intention to do so in a specification of defence.

THIS was an action of assumpsit, against the defendants described in the writ as a body corporate for certain purposes, on a paper writing, of which the following is a copy: —

" $244. Lowell, November 9th, 1842. This certifies that Sarah Townsend has deposited two hundred and forty-four dollars eleven cents with First Freewill Baptist Church in Lowell, towards paying for their meeting-house, and for her security and others, who deposit money as above, their meeting-house is considered pledged. Payable in one year, with interest, after giving one week's notice. Jona. Woodman, treasurer of the F. B. church in Lowell."

The trial was before *Mellen*, J., in the court of common pleas.

The plaintiff, having given the defendants notice to produce at the trial their book of records, and the book being produced accordingly, offered it in evidence to prove the organization of the defendants, as a corporation; to which the defendants objected. But the presiding judge admitted the same.

In order to prove the authority of Woodman to execute the paper in question, the plaintiff relied upon certain entries in the book of records, as follows:—"1842, October 1st. First. Chose S. D. York, agent, and Jona. Woodman and Cyrus Latham, assistant agents, to transact the business of the church, in receiving in moneys and deposit notes, according to agreement with said corporation, and pay out for the same. Adjourned to October 28th. October 28, voted that Eld. J. Woodman be agent and treasurer."

The plaintiff also read from the book a vote passed on the 15th of November, 1842, purporting to be a resolution of the defendants, relating to the purchase of a meeting-house and paying for the same, which tended to show a recognition by the defendants of such purchase. The plaintiff also called a witness, who testified that he was a deacon of said church, and that Woodman had acted and been recognized as the agent and treasurer thereof.

The defendants objected, that the evidence was incompetent and insufficient to show a legal organization of the church, as a corporation, or to show authority, on the part of Woodman, as agent; inasmuch as it did not appear by the record, or otherwise, that the church, independent of the deacons, had authority to constitute an agent to manage or dispose of the

church funds, or that the meetings, at which the above-recited votes were passed, were legal.

The presiding judge, upon the evidence above stated, instructed the jury, that if they believed the same, they should return a verdict for the plaintiff, which they did accordingly; whereupon the defendants excepted.

*R. B. Caverly*, for the defendants.

*B. F. Butler*, for the plaintiff.

SHAW, C. J. It appears to the court, that an attempt is made here to argue questions not raised by the bill of exceptions. The argument is founded on the rule, that the deacons, and not the aggregate body, are by law to sue and be sued, in all cases, where the legal rights and duties of a church are concerned. This argument assumes, that because the defendants, in their aggregate capacity, are denominated a church, they are a church in the sense in which that word is used to designate certain members of a congregational, religious corporation, associated by covenant to celebrate christian ordinances, and for other purposes, according to the custom of congregational churches. Such a church is held not to be a corporation, and for that reason, deacons are vested by law with limited corporate powers to hold property for them. *Stebbins* v. *Jennings*, 10 Pick. 172; *Page* v. *Crosby*, 24 Pick. 211. But there is nothing in the case to show that the defendants are such a church. On the contrary, in the writ, they are expressly declared against as a corporation. If the defendants intended to deny their existence, or their organization as a corporation, they must have pleaded in abatement, or in bar, under the old system of pleading; and, since the statute abolishing special pleading, they must give notice of their intention to do so in a specification of defence. *Christian Society in Plymouth* v. *Macomber*, 3 Met. 235; *First Univ. Soc. in Newburyport* v. *Currier*, Ib. 417.

In this case, it does not appear, that any such notice was given, and in the argument it was stated that there was none The defendants objected to a certain book, purporting to be the defendants' book of records. So far as the book was offered to prove incorporation and organization, it was immaterial

24 *

because these points were not in issue. Assuming that the defendants were a corporation, the book was competent to prove their votes and acts as such. *Exceptions overruled.*